## PETER BANNEGAN *vs.* PATRICK MURPHY.

The police court of Lowell is a court of record, within the meaning of the Rev. Sts. *c.* 120, § 1, and actions on its judgments are not barred by the six years' limitation.

DEBT on a judgment of the police court of Lowell, rendered against the defendant, in favor of the plaintiff, on the 16th of January 1838.   Writ dated August 24th 1844.   Defence, the statute of limitations.

The parties agreed that if the court should be of opinion that the police court of Lowell is such a court of record, that actions on its judgments are not barred by the lapse of six

years from the rendition of such judgments, then the plaintiff should have judgment in this action; otherwise, that judgment should be rendered for the defendant.

*Knowles,* for the plaintiff. By the Rev. Sts. c. 120, § 1, "all actions of debt, founded upon any contract, or liability not under seal, except such as are brought upon the judgment or decree of *some court of record* of the United States, or of this or some other of the United States," must "be commenced within six years next after the cause of action shall accrue, and not afterwards." The question, whether the police court of Lowell is a court of record, was settled in the case of *Gladhill, Petitioner,* 8 Met. 168.

After the passing of the revised statutes, the question arose, whether a justice's court was a court of record. *Smith v. Morrison,* 22 Pick. 430. The court decided that an action on a justice's judgment was barred, after the lapse of six years, by virtue of *St.* 1839, c. 73, whether a justice's court was, or was not, a court of record. But that statute does not apply to judgments of police courts; it is confined to courts of justices of the peace.

*B. F. Butler & Farr,* for the defendant. The court, in the case of *Gladhill, Petitioner,* 8 Met. 168, decided nothing more than that the police court of Lowell was a court of record, "coming within the description, in the act of congress," which defines a court of record for the purposes of naturalization. It was thus settled that said court is a court of record for certain purposes. But the court say, in that case, "probably the result may be, from an examination of all the statutes regulating the jurisdiction of *justices of the peace,* that *their* courts will be regarded, to some purposes, as courts of record, but not in all respects."

It is admitted by the plaintiff's counsel, that a justice's court is not one of record, in which a judgment will survive more than six years. But the police court of Lowell has precisely the same jurisdiction as justices of the peace, and concurrently with them, to a great extent. Rev. Sts. c 87, §§ 34, 40. Having the same extent of jurisdiction, why

should the judgment of the one have any greater effect than that of the other? Each is a court of record, for certain incidental purposes; the one, it is settled, is not a court of record, within the exception in Rev. Sts. c. 120, § 1; and why should the other be?

Shaw, C. J. The only question in this case is, whether an action on a judgment of the police court of Lowell is barred by the six years' limitation, in Rev. Sts. c. 120, § 1, or whether it is the judgment of a court of record, saved by the statute, and barred only in twenty years. °

The court are of opinion that the police court of Lowell is a court of record, and has a jurisdiction different from that of a justice of the peace.

The St. of 1839, c. 73, which was designed to remove doubts in regard to the limitation of actions on judgments of justices of the peace, and fix it at six years, was confined, in terms, to cases of justices of the peace.

_Judgment for the plaintiff_